IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PHILIP BOOTH and JEAN BOOTH,

Plaintiffs,

vs.

STATE CASE NO.: 2014-10364 CA 01
CASE NO.: _______________

AMERICAN AIRLINES GROUP, INC.,
f/k/a AMR CORPORATION, and
AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC
d/b/a EULEN AMERICA,

Defendants.
_________________________________/

**DEFENDANT, AMERICAN AIRLINES GROUP, INC.'S NOTICE OF REMOVAL**

Defendant, American Airlines Group, Inc. ("American"), hereby gives notice of the removal to this Court of the case styled *Philip Booth and Jean Booth v. American Airlines Group, Inc. f/k/a AMR Corporation and American Sales and Management Organization, LLC d/b/a Eulen America*, filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 2014-10364 CA 01. As grounds for this removal, American states:

## I. FACTUAL BACKGROUND:

Plaintiffs, Philip Booth and Jean Booth, filed a Second Amended Complaint alleging negligence and loss of consortium against American in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 2014-10364 CA 01. The Second Amended Complaint was filed in the state court action on October 13, 2014, and American was served on April 7, 2015. A copy of the Second Amended Complaint is attached hereto as Exhibit "A."

In the Second Amended Complaint, Plaintiffs allege American was and is a common carrier engaged in the business of transporting fare paying passengers. *See* Exhibit A at ¶6. Plaintiffs allege that on April 23, 2012, American and/or co-defendant, American Sales and Management Organization, LLC d/b/a Eulen America ("Eulen"), were transporting Mr. Booth from his connecting flights through a TSA checkpoint at Miami International Airport because of his physical limitations. *See id.* at ¶10. Plaintiffs claim American and/or Eulen failed to properly assist and/or supervise Mr. Booth, which resulted in Mr. Booth falling and injuring himself. ¶11.

In Count I – negligence, Plaintiffs contend American owed Mr. Booth a duty to properly transport and assist him to his destination (i.e. connecting flight to Sacramento), including through the TSA checkpoint, with the highest degree of care to prevent injury of any kind. *See id.* at ¶12. Plaintiffs allege American breached this duty by failing to properly transport or assist Mr. Booth to his destination safely, or assist Mr. Booth in proceeding through the TSA checkpoint with the highest degree of care. *See id.* at ¶14. Plaintiffs claim Mr. Booth has suffered or will suffer the following damages due to American's alleged negligence: bodily injury; pain and suffering; disability; medical care and treatment expenses; expenses for hospitalization or other medical bills; mental anguish; loss of capacity for enjoyment of life; and aggravation of pre-existing condition. *See id.* at ¶15(a)-(h). Plaintiffs allege Mr. Booth's injuries are permanent. *See id.* at ¶16. In Count III – loss of consortium, Plaintiffs allege that American's negligence has caused or will cause Mrs. Booth the following damages: loss of consortium of her husband; loss of Mr. Booth's services; loss of comfort, society and attentions; and indebtedness for Mr. Booth's medical expenses in the past and future. *See id.* at ¶27.

## II. REMOVAL IS APPROPRIATE PURSUANT TO FEDERAL QUESTION JURISDICTION BECAUSE THIS ACTION IS GOVERNED BY THE MONTREAL CONVENTION:

Removal of this action is appropriate based on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Removal of a state court action is appropriate if "the district courts of the United States have original jurisdiction," such as here, where Federal law completely preempts Plaintiff's state law claims. 28 U.S.C. § 1331. The Convention for the Unification of Certain Rules For International Carriage by Air, Done at Montreal, opened for signature May 28, 1999, S. Treaty Doc. No. 106-45, at 27(2000), 2242 U.N.T.S. 350 ("Montreal Convention"), applies to accidents that occur on board an aircraft, or during the process of embarkation or disembarkation of aircrafts during travel on flights originating in and terminating in one signatory country if there is an agreed stopping place in the territory of another country. *See* Montreal Convention at art. 1(2), 17. Plaintiffs' agreement with American included the purchase of round-trip flights from Sacramento to Piarco, Trinidad and Tobago and back to Sacramento. A copy of Plaintiffs' travel itinerary is attached as Exhibit "B." Plaintiffs allege Mr. Booth sustained injuries during a stop-over at the Miami International Airport, when he was being transported between connecting flights on his way back to Sacramento. *See* Exhibit A at ¶¶ 8-11.

The Montreal Convention applies to "all international carriage of persons . . . performed by aircraft for reward." *See* Montreal Convention at art. 1(1). The Convention defines "international carriage" as "any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage . . . are situated . . . within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party." *See id.* at art. 1(2). Here, Plaintiffs' place of departure was Sacramento and their destination was

Sacramento. *See Jones v. USA 300 Airlines*, No. 4:2008-cv-01855, 2009 WL 330596, *2-3 (E.D. Mo. Feb. 9, 2009) ("Relevant case law interpreting the phrase 'place of destination', as used in the Montreal Convention, overwhelmingly supports defendant's contention that, for round-trip international travel, the place of destination is the same as the place of departure."); *see also Blake v. American Airlines, Inc.*, 245 F.3d 1213, 1215 (11th Cir. 2001). The United States is a signatory to the Montreal Convention.

Plaintiffs allege Mr. Booth suffered injuries while he was being transported by American or co-defendant Eulen through a TSA checkpoint at Miami International Airport to his connecting flight. Plaintiffs' Second Amended Complaint alleges negligence on behalf of American for failing to properly transport and assist Mr. Booth to his connecting flight, including through the TSA checkpoint. Plaintiffs' "accident" for purposes of the Montreal Convention was American's failure to assist Mr. Booth to his connecting flight. *See Murillo v. American Airlines, Inc.*, No. 09-22894-Civ, 2010 WL 1740710, *2 (S.D. Fla. Apr. 29, 2010) ("Accordingly, for jurisdictional purposes, the accident is the Defendants' alleged failure to assist the Plaintiff to her connecting flight."). Because Mr. Booth's accident occurred in transit between Plaintiffs' flight that landed in Miami and their connecting flight to Sacramento (through Dallas-Forth Worth), the Montreal Convention governs Plaintiffs' claims against American. *See id.* at 3 ("From the record as this stage, Ms. Martinez was either disembarking her flight to Miami or embarking on her flight to Chicago. Either way, the Convention governs Plaintiffs' claims against American Airlines.").

The Montreal Convention[1] is the exclusive means of recovery for damages suffered in the course of international air travel. *El Al Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999);

---

[1] The Montreal Convention recently replaced the Warsaw Convention. However, decisions interpreting the Warsaw Convention are routinely applied to cases involving the Montreal Convention. *Baah v. Virgin Atlantic Airways, Ltd.*, 473 F. Supp. 2d 591 (S.D.N.Y. 2007); *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106 (S.D.N.Y. 2004).

*Marotte v. American Airlines, Inc.*, 296 F.3d 1255, 1259 (11th Cir. 2002); *Ugaz v. American Airlines, Inc.*, 576 F. Supp 1354, 1360 (S.D. Fla. 2008). Given the Montreal Convention's "exclusive domain," any claim for personal injury suffered to which the Convention applies may not be veiled under state law. *Tseng*, 525 U.S. at 161, 174-75 ("[T]he Convention's preemptive effect is clear"). Plaintiffs' claims fall within the exclusive domain of the Montreal Convention; therefore, this Court has federal question jurisdiction. *See Medina v. Am. Airlines, Inc.*, 2006 U.S. Dist. LEXIS 82805 (S.D. Fla. Nov. 14, 2006) ("This Court has jurisdiction pursuant to 28 U.S.C. § 1331(a) in that this is a civil action arising under the laws and treaties of the United States, including Warsaw Convention, 49 U.S.C. § 1502 et. seq., and all relevant laws applicable there under, thereby presenting a 'federal question.'"); *Garcia v. Aerovias De Mexico, S.A.*, 896 F. Supp. 1216 (S.D. Fla. 1995) ("[T]he Warsaw Convention preempts state law claims and provides an exclusive federal cause of action and remedy for cases involving international air transportation.").

## III. PROCEDURAL MATTERS:

Venue properly rests in the Civil Division of the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. Section 1441(a) and Local Rule 3.1, Rules of the United States District of Florida, since this action is being removed from the state court wherein it was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

American will file with the Clerk of the Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties. A copy of said Notice is attached hereto as Exhibit "C." Pursuant to 28 U.S.C. § 1446(b), this Notice of

Removal has been timely filed and without waiver by defendant, AMERICAN AIRLINES GROUP, INC. Specifically, this Notice of Removal has been filed within thirty (30) days after service of the Second Amended Complaint on April 7, 2015.

American Airlines contemporaneously files its notice of filing a copy of the state court's record with the Clerk of this Court in compliance with 28 U.S.C. § 1446(a); Local Rule 7.2, Rules of the United States District Court for the Southern District of Florida.

WHEREFORE, Defendant, AMERICAN AIRLINES GROUP, INC., respectfully requests this Court to assume jurisdiction of the above-described action now pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. sections 1331 and 1441.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to Richard M. Gomez, Esq. (Counsel for Plaintiff) at pleadings@rgpalaw.com; richardgomez@rgpalaw.com this 27th day of April, 2015.

GREGORY M. PALMER
Florida Bar No. 0784796
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577
Telecopier: (305) 371-7580

Attorneys for American Airlines Group, Inc.